Marty Durand ISB No. 5111
James M. Piotrowski ISB No. 5911
HERZFELD & PIOTROWSKI, PLLC
P.O. Box 2864
Boise, ID 83701-2864
Telephone: (208) 331-9200
Facsimile: (208) 331-9201
marty@idunionlaw.com
james@idunionlaw.com

Counsel for IBEW Local 291

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL # 291, an unincorporated association,<br><br>Plaintiff,<br><br>vs.<br><br>QUALITY ELECTRIC, an Idaho Corporation,<br><br>Defendant. | Case No. 1:18-cv-400<br><br>COMPLAINT FOR BREACH OF COLLECTIVE BARGAINING AGREEMENT |

## INTRODUCTION

1. Pursuant to 29 U.S.C. § 185, Plaintiff, International Brotherhood of Electrical Workers Local #291 ("Union") seeks judicial confirmation of a supplemental arbitration award issued on or about May 8, 2018 involving the discharge of three electricians in violation of the Collective Bargaining Agreement between the Union and Quality Electric ("Quality"). The Parties arbitrated a dispute arising under a collectively

COMPLAINT - 1

bargained labor agreement, and Defendant Quality has failed to comply with the decision and award of the Arbitrator, in breach of the agreement.

PARTIES, JUDISDICTION AND VENUE

2. The Union is an unincorporated labor organization representing employees of the Company in an industry affecting commerce within the meaning of 29 USC §§142 and 185 with its principal place of business in Boise.

3. Quality is an employer in an industry affecting commerce within the meaning of 29 USC §§142 and 185. Quality is an Idaho corporation doing business within the State of Idaho with its principal place of business in Boise.

4. This Court has jurisdiction under 28 USC §§1331 and 1337 and under 29 USC §185.

5. Venue is appropriate in this judicial district as all relevant acts occurred in and both parties conduct business in this judicial district.

GENERAL ALLEGATIONS

6. On or about December 1, 2016, the parties entered into a Collective Bargaining Agreement ("CBA") governing the terms and conditions of employment of certain employees of Quality Electric. Quality Electric had previously agreed to recognize Local 291 as the exclusive representative of the electricians, apprentices and wiremen employed by Quality Electric. A true and correct copy of the relevant provisions of the CBA are attached hereto as Exhibit A.

7. Under Section 2.01 of the CBA Quality agreed to discharge employees only "for proper cause."

COMPLAINT - 2

8. On June 17, 2017 Quality discharged three electricians for alleged lack of production.

9. Pursuant to Section 1.07(b) of the CBA the Union timely grieved the discharge of the three electricians. On July 7, 2017 Quality denied the grievance.

10. Pursuant to Section 1.08 of the CBA, the Union requested binding arbitration. Quality Electric initially failed to participate in the processes necessary to arbitrating the dispute, resulting in an action being filed in this Court titled I.B.E.W. Local 291 v. Quality Electric, Case No. 1:17-cv-363 seeking to compel Quality to engage in arbitration of the underlying dispute over the termination of three electricians. That case was voluntarily dismissed after Quality agreed to participate in the steps necessary to arbitrate the dispute.

11. The parties mutually selected Robert S. Adams as arbitrator and hearing was held on January 11, 2018. An Award was issued on February 5, 2018, upholding the grievance, vacating the terminations and directing the parties to determine the value of the earnings and benefits lost by the three electricians, and retaining jurisdiction in case the parties were unable to reach final resolution of the dispute. A true and correct copy of the February 5, 2018 Award is attached as Exhibit B.

12. When the parties were unable to reach agreement about the value of earnings and benefits lost by the arbitrators, Local 291 so informed the Arbitrator, who directed the parties to submit additional information to assist him in resolving the parties' dispute over the value of lost earnings and benefits.

13. The Union provided additional information to the Arbitrator regarding lost earnings and benefits. Quality did not provide anything to the Arbitrator.

14. A Supplemental Award was issued on May 8, 2018. A true and correct copy of the Supplemental Award is attached as Exhibit C.

15. The Supplemental Award required Quality to make payment of lost straight time and overtime, as well as loss of fringe benefits, within 30 days of receipt of a spreadsheet with those calculations.

16. On May 16, 2018, the Union provided Quality a spreadsheet showing the appropriate lost wages and benefits calculated pursuant to the Supplemental Award. A true and correct copy of the spreadsheet is attached hereto as Exhibit D.

17. On August 16, 2018, the Union reminded Quality that payment had not been received.

18. To date, Quality has not complied with the Supplemental Award as no payment has been made to the discharged electricians or to the Union Benefits Fund.

<u>COUNT ONE</u>

FOR AN ORDER CONFIRMING THE MAY 8, 2018 AWARD

19. The Union realleges and incorporates Paragraphs 1 through 18 as if fully set forth herein.

20. Pursuant to 29 U.S.C.S § 185, the Court shall confirm an award, unless within the time limits imposed in Idaho Code §§ 7-912 and 7-913 grounds are urged for vacating, modifying or correcting the award.

21. The Union is entitled to an order of this Court confirming the May 8, 2018, Supplemental Arbitration Award, and entering judgment against Quality Electric and in favor Local 291 and its members for the amounts ordered to be paid by Arbitrator.

COMPLAINT - 4

PRAYER FOR RELIEF

WHEREFORE, the Union respectfully requests that this Court:

1. Enter an Order confirming the May 8, 2018, Supplemental Award; and

2. Enter Judgment in the total amount of $17,825.51, consistent with the Supplemental Award; and

3. Award the Union its costs of this Application and of the proceedings subsequent thereto;

4. Provide the Union such other relief as the Court determines to be fair, just, and appropriate under the circumstances.

Dated this 14th day of September, 2018.

HERZFELD & PIOTROWSKI, LLP

\_\_\_/s/ James M. Piotrowski_____
James M. Piotrowski
Marty Durand

Attorneys for Plaintiff

COMPLAINT - 5